UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD E. LAMMERS,

        Plaintiff,

v.                                                                                       Case Number: 03-CV-74548

CITY OF ECORSE, a municipal corporation,
ZEDORA MILLER, BOBBIE BAKER,
ANGELA SMITH, CHERYL MONROE, and            JUDGE PAUL D. BORMAN
JOHN BEDO, ALBERT POREMBA, JEFF
WILSON, and REGINALD DALTON, jointly        UNITED STATES DISTRICT COURT
and severally,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
OF THE COURT'S OPINION AND ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ON PLAINTIFF'S FEDERAL CLAIMS, COUNT I, AND
REMANDING PLAINTIFF'S STATE-LAW CLAIMS, COUNTS II, III, V, AND VI,
TO THE WAYNE COUNTY CIRCUIT COURT**

        Now before the Court is Plaintiff's motion for reconsideration, under Eastern District of Michigan Local Rule 7.1(g), of the Court's opinion and order granting Defendants' motion for summary judgment on Plaintiff's federal claims, Count I, and remanding Plaintiff's remaining state-law claims, Counts II, III, V, and VI, to the Wayne County Circuit Court.

        In the instant motion, Plaintiff asks the Court to reconsider: 1) its dismissal with prejudice of Plaintiff's § 1983 claims against Defendants Miller, Baker, Smith, and Monroe ("the city-council Defendants") based upon Plaintiff's stipulation/concession that such Defendants were entitled to absolute immunity because their challenged actions were legislative in nature

(3/28/05 Opinion at 17); and 2) its dismissal of Plaintiff's § 1983 claims against Defendant City on the ground that Plaintiff failed, as a matter of law, to establish that the alleged racial animus of certain city-council Defendants properly may be imputed to Defendant City (*Id.* at 22-28). Recognizing that he had waived his § 1983 claims against the city-council Defendants on legislative-immunity grounds, Plaintiff now argues that the city-council Defendants were not, in fact, entitled to such immunity. (Mot. at 3, 6-7.) As to his § 1983 claims against Defendant City, Plaintiff concedes that he did not present sufficient argument on the imputation of certain city-council Defendants' alleged racial animus to Defendant City and attempts to do so now. (*Id.* at 1, 3-6.)

Local Rule 7.1(g)(3) provides that, in order for the Court to grant Plaintiff's motion for reconsideration, Plaintiff must show a palpable defect that misled the Court and the parties, and whose correction will result in a different disposition of the case. E.D. MICH. L.R. 7.1(g)(3) (holding that, generally, the Court will not "grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the [C]ourt, either expressly or by reasonable implication"); *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki*, 162 F. Supp. 2d at 718 (citation omitted).

After carefully reviewing the record, Plaintiff's instant motion, and the case law upon which that motion relies, the Court finds no palpable defect, as Local Rule 7.1(g) requires. *Cf. Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998) (holding that a party may not use a motion for reconsideration under Federal Rule of Civil Procedure 59(e) to raise an argument that he could have and should have raised before the court adjudicated

the matter in question). The Court, therefore, DENIES Plaintiff's motion for reconsideration.

SO ORDERED

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: September 6, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 6, 2005.

                                            s/Jonie Parker
                                            Case Manager